IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL SADE,<br><br>      Plaintiff,<br><br>  v.<br><br>MEADOWLANDS PROPERTIES, LLC, RICHARD L. PELIO, GROUP TWENTY SIX, LLC, and JESSY SANTILLAN,<br><br>      Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

  Plaintiff Daniel Sade ("Plaintiff" or "Sade"), who resides at 23 Franciscan Way, Fair Lawn, New Jersey 07410, by and through his undersigned counsel, for their Complaint against Defendant Meadowlands Properties, LLC ("Meadowlands"), Defendant Richard L. Pelio, Group Twenty Six LLC, and Defendant Jessy Santillan (collectively, "Defendants") hereby states as follows:

I.  **PRELIMINARY STATEMENT**

  1.  This action brought asserts claims pursuant to the Fair Housing Act and New Jersey's Law Against Discrimination.

  2.  The conduct alleged constitutes violations of these statutes, as Defendants discriminated against Plaintiff, denying him the rental of a housing accommodation because of his religion.

  3.  Defendants' discriminatory conduct is obvious and blatant: Defendants offered Plaintiff a lease on April 15, 2024. Plaintiff went for orientation and to sign the lease at the Apartment on April 16, 2024. Plaintiff inquired if he could put a Jewish religious ornament, a

Mizuzah, on the door. He reiterated his request the next day, April 17, 2024, and Defendants withdrew the lease offer and rejected Plaintiff from the rental of the housing accommodation (for which he had already been approved), because he was Jewish and because he wanted to put a religious ornament on his door, stating that his request to do so demonstrated that he will be a difficult tenant to deal with.

4.      Defendants' denial of the leasing of the housing accommodation because of Plaintiff's religion and/or because he asked to express his religion in a constitutionally protected manner, is a violation of the Fair Housing Act and New Jersey's Law Against Discrimination.

## II.    PARTIES

5.      Plaintiff Daniel Sade is a natural person, who resides at 23 Franciscan Way, Fair Lawn, New Jersey 07410.

6.      Defendant Meadowlands Properties, LLC is a New Jersey limited liability corporation, with a principal place of business located as 11 Furler Street, Totowa, New Jersey 07512, and the owner of the property located at 89 Uhland Street, East Rutherford, New Jersey 07073 (the "Property").

7.      Defendant Richard L. Pelio is a natural person who, upon information and belief, resides at 11 Furler Street, Totowa, New Jersey 07512. Upon information and belief, Pelio is the sole member or the controlling member of Meadowlands, the owner of the Property.

8.      Defendant Group Twenty Six LLC is a real estate brokerage with a principal place of business at 115 River Road, #103, Edgewater, New Jersey 07020. Upon information and belief, Santillan and/or Group Twenty Six LLC were hired by Meadowlands to list units in the Property for rent and to facilitate leasing transactions, including for Apartment 2 (the "Apartment").

9. Defendant Jessy Santillan is a natural person, who, upon information and belief, resides at 317 Center Street, Apartment 1, Elizabeth, New Jersey 07202. Santillan was at all relevant times a real estate broker with Group Twenty Six, LLC, with a principal place of business at 115 River Road, #103, Edgewater, New Jersey 07020. Upon information and belief, Santillan and/or Group Twenty Six LLC were hired by Meadowlands to list units in the Property for rent and to facilitate leasing transactions, including for the Apartment.

### III.   JURISDICTION AND VENUE

10. Subject matter jurisdiction over this action is conferred upon this Court pursuant to 28 § U.S.C. § 1331, 28 U.S.C. § 1343(a)(3-4), and 42 U.S.C. § 3613.

11. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

12. Personal jurisdiction over this action is conferred upon this Court because the Defendants are located in this District and because the acts complained of occurred in this District.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all of the Defendants are located in this District and because the events giving rise to the claim occurred in this District.

### IV.   FACTUAL BACKGROUND

**A. The Offer to Lease**

14. On April 8, 2024, Plaintiff submitted a rental application for the Apartment.

15. On April 15, 2024, Santillan, on behalf of Meadowland and Pelio, congratulated Plaintiff on having been approved for a lease and offered Plaintiff a lease for the Apartment.

16. Santillan provided Plaintiff with the lease agreement between Meadowlands and Plaintiff for the monthly rent of $1,800.00 for a term commencing on May 1, 2024 and ending on April 30, 2025 (the "Offered Lease").

17. The Offered Lease included a clause that provided that "tenant … shall not… drill or nail or screw any objects into the walls, ceilings, floors… without the prior written consent of landlord[.]"

18. Santillan asked that Plaintiff "provide me with your availability for the soonest you can meet with me and the super, so we can coordinate to meet at the apartment for the lease signing and orientation."

19. Santillan explained that "[k]eys [to the Apartment] would be given the last weekend before May 1st for your move in" and that certified checks for the first month of rent, security deposit, and broker's fee would be required.

**B. Plaintiff's Request to Place a Mezuzah on the Doorframe of the Apartment**

20. Pursuant to Santillan's request for the Plaintiff to meet with Santillan and the Super, the following day, on April 16, 2024, Plaintiff visited the Apartment with the intent to sign the lease.

21. Plaintiff met Santillan and the superintendent of the Property, "Felix", believed to be Felix Quinones, at the Apartment.

22. During this meeting and the tour of the Apartment, Plaintiff inquired as to whether he would be permitted to place a Jewish religious ornament, a 'Mezuzah', on the doorframe to the Apartment, as the Offered Lease required the landlord's prior written consent to drill or nail objects into the wall.

23. Felix responded that Plaintiff could not hang a Mezuzah.

24. Santillan suggested that Plaintiff direct his question directly to the Landlord, Meadowlands and Pelio.

25. The next day, on April 17, 2024, Plaintiff texted Santillan asking "who should I call to make sure I can hang a mezuzah on the front door?"

26. Santillan responded to Plaintiff's text message, acknowledging that Felix had rejected Plaintiff's request, stating "Felix might have been misspoken since something like this does not fall in within his scope of work", and informing Plaintiff that he was "waiting to hear back from the office in regards to your matter."

**C. Defendant's Refusal to Rent Plaintiff the Apartment Due to Plaintiff's Religion**

27. Later that day, Santillan texted Plaintiff acknowledging his legal right to install the Mezuzah, stating that "you are able to have religious ornaments protected by the constitution and housing laws."

28. However, Santillan informed Plaintiff that "[n]ow, the issue is that the management team feels that you will be a difficult tenant to deal with" and that "[t]hey are contemplating receding your application approval and showing the unit to other prospects."

29. From the time Meadowlands and Pelio offered a lease to Plaintiff on April 15, 2024, to the contemplation and ultimate recession of the offer to lease the Apartment on April 17, 2024, the only difference in Plaintiff's tenancy application was that he disclosed he was Jewish and intended to install a Jewish religious ornament.

30. Plaintiff explained to Santillan that he simply wanted to confirm whether he could hang the Mezuzah given the Offered Lease provision, and that "I assure you and the landlord I am not an problematic tenant."  Plaintiff reiterated that he was ready to close the unit and sign the lease.

31. Despite these assurances and the fact that Meadowlands and Pelio had offered a lease to Plaintiff only two days prior, Santillan informed Plaintiff that Meadowland and Pelio's decision to rescind the offer was final.

## V. CLAIMS AGAINST THE DEFENDANTS
### COUNT 1
#### Fair Housing Act – 42 U.S.C. § 3604(a)

32. Plaintiffs repeat, reallege and incorporate by reference here the allegations contained in Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. The Defendants' actions are in direct violation of the FHA. *See* 42 U.S.C. § 3604(a).

34. Section 3604(b) makes it an unlawful housing practice to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familiar status, or national origin." 42 U.S.C. § 3604(a).

35. The Defendants made a bona fide offer to rent the Apartment to Plaintiff on April 15, 2024.

36. Due to a provision in the Offered Lease, Plaintiff inquired whether he would be permitted to place a Jewish religious ornament, a Mezuzah, on the doorframe to the Apartment, in accordance with his Jewish religion.

37. Due solely to this request, Defendants determined that Plaintiff was "difficult" and rescinded their bona fide offer.

38. Defendants discriminated against Plaintiff on the basis of his religion by, after making a bona fide offer to lease the Apartment to Plaintiff, rescinding that offer and refusing to

rent the Apartment to Plaintiff because of his Jewish religion and/or his expression of his religion.

39. As a result of Defendants' discrimination, Plaintiff has been damaged, including by having to find alternative more expensive housing and suffering emotional injuries, including but not limited to anger, embarrassment, and pain.

40. Defendants' conduct was intentional, willful, and made in reckless disregard of the known right of others.

## COUNT 2
### New Jersey Law Against Discrimination – N.J. Stat. Ann. § 10:5-12

41. Plaintiffs repeat, reallege and incorporate by reference here the allegations contained in Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. The Defendant's actions are in direct violation of the NJLAD. *See* N.J. Stat. Ann. § 10:5-12.

43. Section 10:5012 of the NJLAD makes it unlawful housing practice "[f]or any person, including but not limited to, any owner, lessee, sublessee, assignee or managing agent of, or other person having the right of ownership or possession of or the right to sell, rent, lease, assign, or sublease any real property or part or portion thereof, or any agent or employee of any of these" to "refuse to sell, rent, lease, assign, or sublease or otherwise to deny to or withhold from any person or group of persons any real property or part or portion thereof because of race, creed, color, national origin, ancestry, marital status, civil union status, domestic partnership status, pregnancy or breastfeeding, sex, gender identity or expression, affectional or sexual orientation, familial status, disability, liability for service in the Armed Forces of the United States, nationality, or source of lawful income used for rental or mortgage payments[.]"

7

44. The Defendants made an offer to rent the Apartment to Plaintiff on April 15, 2024.

45. Due to a provision in the Offered Lease, Plaintiff inquired whether he would be permitted to place a Jewish religious ornament, a Mezuzah, on the doorframe to the Apartment, in accordance with his Jewish religion.

46. Due solely to this request, Defendants determined that Plaintiff was "difficult" and rescinded their offer.

47. Defendants discriminated against Plaintiff on the basis of his religion by rescinding their offer to lease the Apartment and refusing to rent the Apartment to Plaintiff because of his Jewish religion and/or his expression of his religion.

48. As a result of Defendants' discrimination, Plaintiff has been damaged, including by having to find alternative more expensive housing and suffering emotional injuries, including but not limited to anger, embarrassment, and pain.

49. Defendants' conduct was intentional, willful, and made in wanton disregard of the known right of others.

## VI.     RELIEF REQUESTED

WHEREFORE, PLAINTIFF respectfully requests that this Court grant the following relief:

1. A declaration that Defendants refusal to rent the Apartment to Plaintiff constitutes discrimination under the FHA, 42 U.S.C. § 3604(a), and the NJLAD, N.J. Stat. Ann. § 10:5-12(g).

2. An injunction enjoining Defendants and their directors, officers, agents, and employees from continuing to discriminate on the basis of religion and directing Defendants and

their directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent additional instances of such conduct or similar conduct from occurring in the future;

      3.      An award of actual and punitive damages;

      4.      An award to Plaintiff of full costs, disbursements and attorneys' fees arising out of in connection with this action, as available under, *inter alia*, 42 U.S.C. § 3613(c)(2) and N.J. Stat. Ann. § 10:5-27.1;

      5.      For such other and further relief as this Court may deem just and appropriate.

Dated: September 25, 2024
       New York, New York

NIXON PEABODY LLP

*/s/ Eric Ferrante*

Eric Ferrante, Esq.
Richard J. Shore, Esq. (*pro hac vice forthcoming*)
55 West 46th Street, 25th floor
New York, New York 10036
(212) 940-3050
rshore@nixonpeabody.com
*Attorneys for Plaintiff*

## VERIFICATION

I, Daniel Sade, the Plaintiff in this action, have read the foregoing Complaint and the contents thereof are true to the best of my own knowledge, except as to those matters which are alleged on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 25, 2024

_____
Daniel Sade

Sworn to me this
25 day of September 2024

_____
Notary Public

VANESSA A BOGNAR
Notary Public, State of New Jersey
Comm. # 50197415
My Commission Expires 06/09/2027

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action or proceeding pending in any court, or of any pending arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 25, 2024
      New York, New York            NIXON PEABODY LLP

                                                      */s/ Eric Ferrante*

                                        Eric Ferrante, Esq.
                                        55 West 46th Street, 25th floor
                                        New York, New York 10036
                                        (212) 940-3050
                                        rshore@nixonpeabody.com
                                        *Attorneys for Plaintiff*